UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-115-F

| | |
|---|---|
| VALPARISIA R. BANNAMON ) <br> MOSES W. ROBINSON, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DALE IMAN; ANTHONY G. CHAVONNE; ) <br> WESLEY A. MEREDITH, KEITH A. BATES, ) <br> SR.; CHARLES E. EVANS; ROBERT A. ) <br> MASSEY, JR.; D.J. HAIRE; ROBERT T. HURST, ) <br> JR.; WILLIAM JOSEPH CRISP; VALENCIA A. ) <br> APPLEWHITE; THEODORE W. MOHN; ) <br> DAVID B. CRAIG; HARVEY RAYNOR; ) <br> KAREN MACDONALD; SHARON FORD; ) <br> DENISE CLINE; and ATTORNEY BRISSON ) <br> Defendants. ) | O R D E R |

This matter is before the court on the *pro se* Plaintiffs' response [DE-67] to the court's October 9, 2009 Order [DE-65]. In that order, the court noted the deficiencies in the proof of service filed with the court, and directed Plaintiffs to file, on or before October 29, 2009, proof of sufficiency of process in accordance with the Federal Rules of Civil Procedure, and held the Defendants' Motion to Dismiss [DE-48], Plaintiffs' Motion for Court Order [DE-60] and Motion for Court Order (Amended) [DE-61] in abeyance.

As the court explained in the October 9, 2009, Order, a plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

[w]hen the process gives the defendant actual notice of the pendency of the action,

the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

The Federal Rules of Civil Procedure provide : "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." FED. R. CIV. P. 4(c)(1) (emphasis added). Rule 4(e) allows for service of a summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e). North Carolina Rule of Civil Procedure 4(j)(1), in turn, allows for proper service by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." NORTH CAROLINA R. CIV. P. 4(j)(1)(c). When a defendant appears in an action and challenges the service of the summons upon him, a plaintiff must prove service as follows:

> Service by Registered or Certified Mail. –In the case of service by registered or certified mail, by affidavit of the serving party averring:
>
> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee, and
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(4).

As the court noted in the October 9, 2009, Order, Valparisia Bannamon filed a Return of Service for Defendants Dale Iman, Anthony G. Chavonne, Karen MacDonal, David B. Craig, Denise Cline, and Attorney Brisson, indicating that she attempted to personally serve those

2

defendants. The Returns of Service for those Defendants, which were signed by Ms. Bannamon under penalty of perjury, listed herself as the server. She now comes forward with an affidavit of Carrie Brooks, who avers that she left copies of the Complaint and Amended Complaint with Brenda Barbour, on behalf of Anthony G. Chavonne, Dale Iman, and Karen MacDonald, and "Ms. Valparisia Bannamon accompanied me on my delivery mission to insure that the documents were delivered to the correct location." Affidavit of Carrie Brooks [DE-67] at p. 4. This affidavit contradicts Ms. Bannmon's earlier declaration, made under penalty of perjury, and consequently the court does not accept it as adequate evidence of sufficiency of process.

With regard to the remaining defendants, Plaintiffs list a certificate number and a date in a list entitled "DEFENDANTS WITH CERTIFIED MAIL." Plaintiffs state "PLEASE NOTE THAT COPIES OF CERTIFIED MAIL IS [sic] ALREADY ON FILE IN THIS CASE." Plaintiffs still have not, however, filed return receipts as to these Defendants, and consequently, have not provided sufficient proof of service of process.

Accordingly, Defendants' Motion to Dismiss [DE-48] is ALLOWED, and this action is DISMISSED for failure to provide adequate proof of sufficiency of process. Plaintiffs' Motion for Court Order [DE-60] and Motion for Court Order (Amended) [DE-61] are DENIED as moot.

SO ORDERED.
This the 2nd day of November, 2009.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge